G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Direct Dial: (818) 907-2030
Fax: (818) 205-2730
tom@plglawfirm.com

Attorneys for Plaintiffs,
GARY LOHSE and HANNEKE LOHSE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LOHSE and HANNEKE LOHSE,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE; AZTEC FORECLOSURE CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

2. This action arises out of Defendants repeated violations of the Fair Debt

COMPLAINT AND DEMAND FOR JURY TRIAL

Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices §1788 et seq. ("RFDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and Defendants transacts business here.

## PARTIES

4. Plaintiffs, Gary & Hanneke Lohse, are natural persons who reside in the City of Vacaville, County of Solano, State of California, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and a "debtor" as that term is defined by §1788.2(h).

5. Defendant, Nationstar Mortgage, herein after "Nationstar", is a collection agency operating from an address of 350 Highland Drive, Lewisville, Texas 75067 and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and California Civil Code §1788.2(c).

6. Defendant, Aztec Foreclosure Corporation, herein after "Aztec," is a collection agency operating from an address of 3636 N. Central Avenue, Suite #400, Phoenix, Arizona 85012 and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and California Civil Code §1788.2(c).

## FACTUAL ALLEGATIONS

7. On or before 2013, Plaintiffs incurred a financial obligation that was

COMPLAINT AND DEMAND FOR JURY TRIAL

- 2 -

primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5) and §1788.2(f).

8. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant Nationstar for collection from Plaintiffs.

9. On or around, August 16, 2013, Plaintiffs sent a validation of debt letter to Defendant Nationstar to dispute the alleged debt owed by Plaintiffs.

10. On or around, October 16, 2013, Plaintiffs obtained their credit report. Defendant Nationstar failed to accurately mark Plaintiffs credit report by reporting the Plaintiffs had disputed the debt. Defendant Nationstar violated the FDCPA by failing to mark Plaintiffs credit report.

11. On or before, January 2014, Defendant Nationstar sent Plaintiffs account to Defendant Aztec for collection on the account.

12. On or about, January 9, 2014, Defendant Aztec sent a letter advising Plaintiffs there office had been retained to foreclose on Plaintiffs.

13. Plaintiffs' attorney, Law Offices of Michael Lupolover, P.C. sent Defendant Nationstar a representation letter in October 2013.   Defendant Aztec should have never contacted Plaintiffs directly due to being represented by an attorney and violated the FDCPA.

14. Defendants Nationstar and Aztec violated the following FDCPA and

COMPLAINT AND DEMAND FOR JURY TRIAL

RFDCPA provisions, including but not limited to 15 U.S.C. §1692c(a)(2), 1692e(2), 1692e(8), 1692e(10), 1692f and RFDCPA §1788.13(f) and 1788.20(b).

15.     Plaintiffs have suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, fear, humiliation, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at Plaintiff's home.

### CAUSES OF ACTION
### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 et seq.

16.     Plaintiffs repeat and reallege and incorporate by reference paragraphs 1 through 17.

17.     Defendants violated the FDCPA. Defendants violations include, but are not limited to, the following:

(a) Defendants violated 15 U.S.C. §1692c(a)(2) by contacting Plaintiffs when they were already represented by an attorney.

(b) Defendants violated 15 U.S.C. §1692e(2) by failing to accurately state the character, amount, or legal status of the alleged debt.

(c) Defendants violated 15 U.S.C. §1692e(8) by threatening or communicating false credit information, including the failure to communicate that a debt is disputed.

(d) Defendants violated 15 U.S.C. §1692e(10) by using any false representation or deceptive means to collect a debt or obtain information about a consumer.

(e) Defendants violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect the alleged debt.

18. As a result of each of Defendants violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from each Defendant herein.

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against Defendants as follows:

a) For an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendants and in favor of Plaintiffs;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants in favor of Plaintiffs; and

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendants and in favor of Plaintiffs.

## COUNT II
## <u>VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT</u>
## <u>§ 1788-1788.32 (RFDCPA)</u>

19. Plaintiffs repeat and reallege and incorporate by reference paragraphs 1 through 17.

20. Defendants violated the RFDCPA. Defendants violations include, but are not limited to, the following:

 (a) Defendants violated §1788.13(f) by falsely representing that information concerning a debtor's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency; and

 (b) Defendants violated §1788.20(b) by knowingly submitting false or inaccurate information or willfully concealing adverse information bearing upon such person's credit worthiness, credit standing, or credit capacity.

21. As a result of Defendants violations of the RFDCPA, Plaintiffs is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendants.

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered Against Defendants as follows:

a) For an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendants;

b) For an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendants;

c) For an award of litigation costs and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) from Defendants; and

d) For such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that plaintiffs demand trial by jury in this action.

DATED:  February 3, 2014			RESPECTFULLY SUBMITTED,

By: /s/ G. Thomas Martin, III
G. Thomas Martin, III, Esq.
*Attorneys for Plaintiffs*