1  MARY KATE SULLIVAN (State Bar No. 180203)
   mks@severson.com
2  MEGAN C. KELLY (State Bar No. 251293)
   mck@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
5  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
6
   Attorneys for Defendant
7  NATIONSTAR MORTGAGE LLC (erroneously
   sued as NATIONSTAR MORTGAGE)
8

9                     UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA — SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12  GARY LOHSE and HANNEKE LOHSE, | Case No. 3:14-CV-00514-JCS |
| 13           Plaintiffs, | **DEFENDANT NATIONSTAR MORTGAGE LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 14       vs. | |
| 15  NATIONSTAR MORTGAGE; AZTEC FORECLOSURE CORPORATION; and | |
| 16  DOES 1 through 10, inclusive, | |
| 17           Defendants. | |
| 18 | Filed concurrently with Request for Judicial Notice in Support of Motion to Dismiss First Amended Complaint |
| 19 | |
| 20 | The Hon. Joseph C. Spero<br>Courtroom G, 15th Floor |
| 21 | Date: May 30, 2014<br>Time: 9:30 a.m. |
| 22 | |
| 23 | Action Filed:    February 3, 2014<br>FAC Filed:       March 24, 2014 |

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 30, 2014, at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom G, on the 15th Floor of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Nationstar Mortgage LLC (erroneously sued as Nationstar Mortgage) ("Nationstar"), will move and hereby does move to dismiss the First Amended Complaint of Plaintiffs Gary Lohse and Hanneke Lohse ("Plaintiffs") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the First Amended Complaint fails to state a claim upon which relief can be granted.

Nationstar will also move and hereby does move, in the alternative, for a more definite statement of claims against Nationstar pursuant to Rule 12(e).

This motion is based upon this notice of motion and motion, the following memorandum of points and authorities, the request for judicial notice and such other and further matter as may be presented to the Court at or before the time set for the hearing on this matter.

DATED:  April 23, 2014           Respectfully submitted,

                                 SEVERSON & WERSON
                                 A Professional Corporation


                                 By:    */s/ Megan C. Kelly*
                                              Megan C. Kelly

                                 Attorneys for Defendant NATIONSTAR MORTGAGE
                                 LLC (erroneously sued as Nationstar Mortgage)

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. LEGAL STANDARD ....................................................................................................... 1

III. STATEMENT OF FACTS ................................................................................................ 2

IV. ARGUMENT .................................................................................................................... 3

    A. Neither the FDCPA or RFDCPA Apply to Property-Secured Loans and/or Foreclosure ................................................................................................ 3

    B. Even if the FDCPA Applied, Plaintiffs Have Not Pled Any Viable FDCPA Claim ................................................................................................. 4

    C. Even if the RFDCPA Applied, Plaintiffs Have Not Pled Any Viable RFDCPA Claim ................................................................................................. 5

V. ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT OF CLAIMS AGAINST NATIONSTAR ................................................................................ 6

VI. CONCLUSION ................................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*A.G. Edwards & Sons, Inc. v. Smith*,
  736 F.Supp. 1030 (D. Ariz. 1989)..................................................................................................6

*Anderson v. District Bd. of Trs.*,
  77 F.3d 364 (11th Cir. 1996).........................................................................................................6

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1990).........................................................................................................2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................................1, 2

*Castaneda v. Saxon Mortg. Servs., Inc.*,
  687 F.Supp.2d 1191 (E.D. Cal. Dec. 3, 2009) ..............................................................................3

*Gamboa v. Trustee Corps*,
  2009 WL 656285 (N.D. Cal. 2009)...........................................................................................1, 4

*Gregory v. Dillard's, Inc.*,
  565 F.3d 464 (8th Cir. 2009).........................................................................................................2

*Intri-Plex Techs., Inc. v. Crest Grp., Inc.*,
  499 F.3d 1048 (9th Cir. 2007).......................................................................................................2

*Izenberg v. ETS Servs., LLC*,
  589 F.Supp.2d 1193 (C.D. Cal. 2008)...........................................................................................4

*Masson v. Selene Fin. LP*,
  2013 WL 271256 (N.D. Cal. 2013)...............................................................................................4

*MGIC Indem. Corp. v. Weisman*,
  803 F.2d 500 (9th Cir. 1986).........................................................................................................2

*Morgera v. Countrywide Home Loans, Inc.*,
  No. 2:09-cv-01476-MCEGGH, 2010 WL 160348 (E.D. Cal. Jan. 11, 2010).........................1, 3

*Northstar Int'l v. Arizona Corp. Comm'n*,
  720 F.2d 578 (9th Cir. 1983).........................................................................................................2

*Putkkuri v. ReconTrust Co.*,
  2009 WL 32567 (S.D. Cal. 2009) .................................................................................................4

*Rescuecom Corp. v. Google Inc.*,
  562 F.3d 123 (2nd Cir. 2009)........................................................................................................2

*Robertson v. Dean Witter Reynolds, Co.*,
   749 F.2d 530 (9th Cir. 1984)..................................................................................................2

*San Diego Home Solutions, Inc. v. ReconTrust Co.*,
   2008 WL 5209972 (S.D. Cal. 2008) ........................................................................................4

*Scott v. Ambani*,
   577 F.3d 642 (6th Cir. 2009)....................................................................................................2

*Tina v. Countrywide Home Loans, Inc.*,
   2008 WL 4790906 (S.D. Cal. 2008) ........................................................................................4

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
   578 F.3d 1016 (9th Cir. 2007)..................................................................................................2

**FEDERAL STATUTES**

United States Code
    Title 15
       § 1692c(a)(2) .....................................................................................................................4
       § 1692e(2)(a) ....................................................................................................................5
       § 1692e(2)(A)...................................................................................................................4
       § 1692e(8) ........................................................................................................................4
       § 1692e(10) ......................................................................................................................5
       § 1692(e)(10)...................................................................................................................4
       § 1692f..........................................................................................................................4, 5

**STATE STATUTES**

California Civil Code
    § 1788.13(f).............................................................................................................................5
    § 1788.17 .................................................................................................................................6
    § 1788.20.................................................................................................................................6

**RULES**

Federal Rules of Civil Procedure
    Rule 12(b)(6) ..............................................................................................................1, 2, 6
    Rule 12(e) .........................................................................................................................1, 6, 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In their First Amended Complaint ("FAC"), Plaintiffs Gary and Hanneke Lohse assert that Nationstar Mortgage LLC (erroneously sued as Nationstar Mortgage) (hereinafter "Nationstar") violated the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). As framed by Plaintiffs, the purported violations occurred when (1) Nationstar allegedly failed to accurately report Plaintiffs' dispute to the validity of the debt and (2) Aztec Foreclosure Corporation sent correspondence to Plaintiffs instead of their counsel.

Plaintiffs' claim – asserted against Nationstar – necessarily fails for two reasons. First, the loan at issue is a property-secured loan. As such, it does not fall within the scope of the RFDCPA. *Morgera v. Countrywide Home Loans, Inc.*, No. 2:09-cv-01476-MCEGGH, 2010 WL 160348, at *3 (E.D. Cal. Jan. 11, 2010). Moreover, it is established that "foreclosing on a property pursuant to a deed of trust is not "debt collection" within the meaning of the RFDCPA or the FDC[P]A." *Gamboa v. Trustee Corps*, 2009 WL 656285, at *4 (N.D. Cal. 2009).

Second, Plaintiffs have not alleged any false representation or other unfair or unconscionable practice by Nationstar. With regard to the alleged failure to report the debt dispute, it is clear that the dispute was tied to Plaintiffs' prior litigation, which was voluntarily dismissed with prejudice in March of 2013. Thus, the October 2013 credit reporting was accurate when it reflected "no dispute," because the dispute had been resolved.

Plaintiffs have not pled sufficient facts to support a cognizable claim against Nationstar. As such, Nationstar respectfully requests that the Motion to Dismiss be granted in its entirety. Alternatively, should any of Plaintiffs' claims survive the Motion to Dismiss, Nationstar requests that the Court require a more definite statement of Plaintiffs' claims against it pursuant to Federal Rule of Civil Procedure 12(e).

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may challenge the sufficiency of the statement of the claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In deciding a Rule 12(b)(6) motion, the court must "accept as true all of the factual allegations set out

1  in plaintiff's complaint, draw inferences from those allegations in the light most favorable to
2  plaintiff, and construe the complaint liberally." *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123,
3  127 (2nd Cir. 2009); see also *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009); *Gregory v.
4  Dillard's, Inc.*, 565 F.3d 464, 496 (8th Cir. 2009). It need not, however, "accept as true a legal
5  conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

6  In addition to the facts set forth in the complaint, matters that are properly the subject of
7  judicial notice may also be considered when deciding a motion to dismiss for failure to state a
8  claim. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). In fact, the court can
9  disregard allegations in the complaint if such allegations are contradicted by facts which may be
10 judicially noticed by the court. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 578 F.3d
11 1016, 1021-22 (9th Cir. 2007). One example would be the court's consideration of matters of
12 public record. *Intri-Plex Techs., Inc. v. Crest Grp., Inc*., 499 F.3d 1048, 1052 (9th Cir. 2007).

13 Accepting only the factual allegations set forth in the plaintiff's complaint as true, the court
14 must decide whether plaintiff is entitled to some form of legal remedy. *Twombly*, 550 U.S. at 555.
15 Granting a Rule 12(b)(6) motion to dismiss is proper where there is either a lack of a cognizable
16 legal theory or the absence of sufficient facts to support a cognizable legal theory. *Balistreri v.
17 Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); see also *Robertson v. Dean Witter
18 Reynolds, Co.*, 749 F.2d 530, 534 (9th Cir. 1984). A dismissal will also be proper if a complaint is
19 vague, conclusory and fails to set forth material facts in support of the allegations. *Northstar
20 Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983).

21                              **III.   STATEMENT OF FACTS**

22 In the FAC, Plaintiffs allege that they obtained a loan in or around 2006 (the "Loan"). The
23 Loan was secured by a Deed of Trust recorded against real property located at 7394 North
24 Meridian Road in Vacaville, California (the "Subject Property"). Request for Judicial Notice
25 ("RJN") Ex. A.

26 Plaintiffs allege that in March 2012, Aurora Loan Services, LLC, sent correspondence to
27 Plaintiffs advising that the Loan was in default. FAC ¶8. Plaintiffs do not deny that the Loan was
28 in default. According to Plaintiffs, the servicing of the Loan was subsequently transferred to

1  Nationstar Mortgage LLC in or about July 2012.  FAC ¶9.

2        Plaintiffs allege that in August 2012,[1] they sent a "debt validation letter" to Nationstar.
3  The letter, a copy of which is attached to the FAC as Exhibit C, states that "[t]here is a current
4  lawsuit regarding th[e] debt pending before the United States, Eastern District of California case
5  number 2:12-cv-00223-KJM-EFB, which states the basis for the Lohses' dispute."  FAC ¶12,
6  Ex. C.  On March 21, 2013, the lawsuit was dismissed *with prejudice* pursuant to a Notice of
7  Voluntary Dismissal.  RJN Exs. B, C.  Plaintiffs next allege that they obtained a credit report in
8  October of 2013.  FAC ¶13.  Plaintiffs contend that the credit report did not state that the Plaintiffs
9  had "disputed the debt."  *Id.*

10        Plaintiffs also allege that they sent "a representation letter" *to Nationstar* in October 2013.
11  FAC ¶16.  Plaintiffs contend that on January 9, 2014, Aztec Foreclosure Corporation ("Aztec")
12  sent correspondence to Plaintiffs advising that Aztec had been retained to foreclose on the Subject
13  Property.  FAC ¶15.

14                             **IV.   ARGUMENT**

15  **A.   Neither the FDCPA or RFDCPA Apply to Property-Secured Loans and/or Foreclosure**
16

17        As a preliminary matter, both of Plaintiffs' claims fail because Plaintiffs have not pled any
18  debt or debt collection that falls within the scope of the Fair Debt Collection Practices Act
19  ("FDCPA") and/or the Rosenthal Fair Debt Collection Practices Act ("RFDCPA").

20        The "debt" at issue in the FAC is the Loan, which is secured by Deed of Trust against the
21  Subject Property.  "California courts have declined to regard a residential mortgage loan as a
22  'debt' under the [RFDCPA]."  *Morgera, supra*, 2010 WL 160348, at *3 (citations omitted);
23  *Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F.Supp.2d 1191, 1197 (E.D. Cal. Dec. 3, 2009) (cita-
24  tions omitted).  Thus, the debt at issue in the FAC does not fall within the scope of the RFDCPA
25  and as such Plaintiffs have not – and cannot – state any viable claim for relief thereunder.

26  _____

27  [1] While the FAC alleges that the letter was sent in or around August 16, *2013*, the attached exhibit clearly shows that the letter was dated August 16, *2012*.
28

1    Additionally, as set forth in the Deed of Trust, upon borrowers' default, the Loan will be
2 accelerated, the power of sale clause will be invoked and nonjudicial foreclosure proceedings will
3 be initiated.  RJN Ex. A ¶22.  As such, Plaintiffs' debt collection claims are ultimately a challenge
4 to foreclosure proceedings against the Subject Property.  (See FAC ¶15.)  However, it is well
5 settled that foreclosing on a trust deed is distinct from the collection of the obligation to pay
6 money, and therefore, does not constitute debt collection under the RFDCPA and/or FDCPA.
7 *Masson v. Selene Fin. LP*, 2013 WL 271256 (N.D. Cal. 2013); *Tina v. Countrywide Home Loans,
8 Inc.*, 2008 WL 4790906, at *6 (S.D. Cal. 2008), quoting *Hulse v. Ocwen Fed. Bank, FSB*, 195
9 F.Supp.2d 1188, 1204 (D. Or. 2002); see also *Putkkuri v. ReconTrust Co.*, 2009 WL 32567, at *2
10 (S.D. Cal. 2009) (same); *Izenberg v. ETS Servs., LLC*, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008)
11 (same); *San Diego Home Solutions, Inc. v. ReconTrust Co.*, 2008 WL 5209972, at *1 (S.D. Cal.
12 2008) (same); *Gamboa, supra*, 2009 WL 656285, at *4 ("the law is clear that foreclosing on a
13 property pursuant to a deed of trust is not a debt collection within the meaning of the RFDCPA or
14 the FDC[P]A.").

15    The allegations in the FAC involve a property-secured loan and related non-judicial fore-
16 closure proceedings following Plaintiffs' default.  As such, neither the FDCPA nor the RFDCPA
17 applies.  The Motion to Dismiss should be granted in its entirety because Plaintiffs have not stated
18 any viable claim under the FDCPA or the RFDCPA.

19 **B.    Even if the FDCPA Applied, Plaintiffs Have Not Pled Any Viable FDCPA Claim**

20    Plaintiffs' first cause of action asserts that "Defendant violated the FDCPA," specifically,
21 15 U.S.C. §§ 1692c(a)(2), 1692e(2)(A), 1692e(8), 1692(e)(10) and 1692f.  Plaintiffs' claim can be
22 broken into three parts:  (1) Aztec's letter to Plaintiffs, (2) "unfair and unconscionable" collection
23 practices and (3) reporting of disputed debt.

24    Based on the factual allegations asserted, the first portion of this cause of action is not
25 asserted against Nationstar.  Plaintiffs have not alleged that Nationstar improperly contacted the
26 Plaintiffs knowing that the Plaintiffs were represented by counsel.[2]

27 ───────────────
28 [2] In fact, the Exhibits to the FAC show that Nationstar sent correspondence to Plaintiffs' counsel
(footnote continued)

Similarly, there are no factual allegations against Nationstar relating to the third portion of the cause of action, asserted pursuant to 15 U.S.C. § 1692f.  Plaintiffs have simply not alleged *any* "unfair or unconscionable means" utilized by Nationstar to collect any debt.

Thus, the only portion of the cause of action that *could be* applied to Nationstar is the second portion, for violations of 15 U.S.C. § 1692e(2)(a) and/or e(10).  As summarized by Plaintiffs, these sections prohibit the use false representations as to the character, amount or legal status of a debt or the use of a false representation to collect a debt.  Plaintiffs contend that Nationstar failed to accurately report the debt as disputed.  However, as alleged by Plaintiffs, the debt dispute was tied to the prior litigation pending in Eastern District of California.  FAC ¶12, Ex. C.  Plaintiffs voluntarily dismissed – with prejudice – that lawsuit on March 21, 2013.  RJN Exs. B, C.  Thus, when Plaintiffs obtained their credit report more than six months later in October 2013, the reporting was accurate because the dispute – tied to the lawsuit – had been resolved.

Plaintiffs have not pled any false representation of the debt or the use of any false representation to collect the debt.  The other portions of the first cause of action are not asserted against Nationstar.  Plaintiffs have not pled any viable claim for violation of the FDCPA against Nationstar and the first cause of action must be dismissed.

**C.     Even if the RFDCPA Applied, Plaintiffs Have Not Pled Any Viable RFDCPA Claim**

The second cause of action for violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") is also fatally deficient.  Again, Plaintiffs' claim necessarily fails because Plaintiffs have not pled any violation by Nationstar.

First, Plaintiffs contend that "Defendant" violated the RFDCPA provision prohibiting "the false representation that information concerning a debtor's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency."  Civ. Code § 1788.13(f).  As stated above, Plaintiffs have not pled that Nationstar made any false representation to the credit reporting agencies.  By the time the Plaintiffs obtained the October 2013 credit

---

of record at the time.  See Exhibits A and B, addressed to UFAN Legal Group in Roseville, California.  Moreover, to the extent this purported violation is directed to Aztec, Plaintiffs' claim still fails because Plaintiffs do not allege that they ever informed *Aztec* of their representation.

1 report, the underlying dispute asserted by Plaintiffs had been voluntarily dismissed with prejudice.

2 As such, the credit report – which allegedly did not reflect a dispute – was accurate.  Moreover, to

3 the extent this provision pertains exclusively to false representations that a debtor's default *will be*

4 *reported* to the credit reporting agencies, Plaintiffs have not alleged any such scenario.  The claim

5 is deficiently pled and must be dismissed.

6       Second, Plaintiffs contend that "Defendant" violated Section 1788.17, which incorporates

7 sections of the FDCPA discussed above.  As summarized above, Plaintiffs have not pled any

8 FDCPA violation by Nationstar.  Thus, this portion of the RFDCPA claim likewise fails.

9       Third, Plaintiffs assert a violation of Section 1788.20, which prohibits *an individual* from

10 knowingly submitting false or inaccurate information bearing on a person's credit standing,

11 worthiness or capacity.  As indicated by the preface of the provision – "Debtors' Responsibili-

12 ties" – this prohibition applies "in connection with any [*debtor's*] *request or application for*

13 *consumer credit*."  The provision applies to the debtor, not the creditor.  Again, Plaintiffs have not

14 pled any viable claim against Nationstar.

15       Plaintiffs fail to state any viable claim for violation of the RFDCPA.  Therefore the second

16 cause of action must also be dismissed.

17 **V.    ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT OF
          CLAIMS AGAINST NATIONSTAR**

18

19       Should any of Plaintiffs' claims survive the Rule 12(b)(6) challenge, Nationstar requests

20 that the Court require a more definite statement of their claims against it pursuant to Federal Rule

21 of Civil Procedure 12(e).  Such a motion is appropriate when a defendant is unable to determine

22 from the complaint what issues it must address or a complaint "is so vague or ambiguous that the

23 party cannot reasonably prepare a response."  See Fed. R. Civ. P. 12(e); see also *A.G. Edwards &*

24 *Sons, Inc. v. Smith*, 736 F.Supp. 1030, 1032 (D. Ariz. 1989).

25       That is the situation here with respect to Plaintiffs' causes of action.  Plaintiffs make only

26 broad, conclusory statements, lacking the "clarity and precision" required for the defendant "to

27 discern what the plaintiff is claiming and to frame a responsive pleading."  *Anderson v. District*

28 *Bd. of Trs.*, 77 F.3d 364, 366-67 (11th Cir. 1996).  Accordingly, should Plaintiffs' claims survive

1  Nationstar's Motion to Dismiss, Nationstar respectfully requests that the alternative motion under
2  Rule 12(e) be granted.

### VI.   CONCLUSION

For the reasons set forth herein, Nationstar respectfully requests that this Motion to Dismiss be granted as to each cause of action.  In the alternative, Nationstar respectfully requests that the Court require a more definite statement of Plaintiffs' claims against Nationstar pursuant to Federal Rule of Civil Procedure 12(e).

DATED:  April 23, 2014              Respectfully submitted,

SEVERSON & WERSON
A Professional Corporation

By:   */s/ Megan C. Kelly*
            Megan C. Kelly

Attorneys for Defendant NATIONSTAR MORTGAGE LLC (erroneously sued as NATIONSTAR MORTGAGE)