UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LOHSE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE,<br><br>    Defendant. | Case No. 14-cv-00514-JCS<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS; CONTINUING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 33, 34 |

On May 15, 2014, Plaintiffs filed a notice of settlement in the underlying action and five days later, Defendant withdrew its then-pending motion to dismiss. *See* Dkt. Nos. 29, 31. On June 5, 2014, Plaintiffs withdrew their notice of settlement, and Plaintiffs' counsel ("Counsel") filed a motion to withdraw as counsel on the grounds that there has been an irreparable breakdown of the attorney-client relationships that renders the attorney's duties as unreasonably difficult. *See* Dkt. No. 33 ("Motion"). On June 17, 2014, Plaintiffs filed a letter with the Court stating that Counsel "dismissed himself of [the] case . . . when in all good conscious [sic] we decided we could not be forced against our wills to agree and sign the Agreement presented by the attorneys of [Defendant]." *See* Dkt. No. 36.

"In the Northern District of California, the conduct of counsel is governed by the standards of professional conduct required of members of the State Bar of California, including the Rules of Professional Conduct of the State Bar of California." *Fleury v. Richemont N. Am., Inc.*, C-05-4525 EMC, 2007 WL 2457596, at *1 (N.D. Cal. Aug. 27, 2007) (quoting *Hill Design Group v. Wang*, No. C 04-521 JF (RS), 2006 U.S. Dist. LEXIS 93449, at *11 (N.D. Cal. Dec. 11, 2006)). Under California Rule of Professional Conduct 3-700, counsel may withdraw from representation if, *inter alia*, the client's "conduct renders it unreasonably difficult for the [attorney] to carry out the

employment effectively." Cal. R. Prof. Conduct 3-700(C)(1)(d).

Here, the Court finds that the breakdown of relations between Counsel and Plaintiffs is irreparable such that counsel can no longer represent Plaintiffs effectively. Plaintiffs' letter to the Court indicates that they no longer wish to be represented by their current Counsel, and they intend to continue pursuing this case with new counsel or *pro se*. Accordingly, Counsel's Motion is GRANTED.

In order to give Plaintiffs time to retain new counsel or to prepare for proceeding *pro se*, all briefing deadlines pertaining to Defendant's pending motion to dismiss shall be CONTINUED for sixty days. *See* Dkt. No. 34. Further, the hearing on Defendant's motion to dismiss currently set for July 25, 2014 shall be continued to **September 26, 2014 at 9:30 a.m.** in Courtroom G, 15th Floor, San Francisco.

Effective immediately, Plaintiffs shall proceed as *pro se* unless they find counsel to represent them and counsel makes an appearance with this Court. All papers and pleadings shall be served on Plaintiffs at the following address unless they notify the Court that a different address should be used: 7394 North Meridian Road, Vacaville, CA 95688.

**IT IS SO ORDERED.**

Dated: June 23, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge