UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LOHSE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONSTAR MORTGAGE, <br><br> Defendant. | Case No. 14-cv-00514-JCS <br><br> **ORDER DENYING MOTION TO DISMISS** <br><br> Re: Docket No. 34 |

## I. INTRODUCTION

Plaintiffs Gary and Hanneke Lohse assert claims against Defendant Nationstar Mortgage ("Nationstar") under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788 *et seq*.[1] Nationstar brings a Motion to Dismiss First Amended Complaint on in the Alternative, for a More Definite Statement ("Motion"). A hearing on the Motion was held on Friday, October 10, 2014 at 9:30 a.m. For the reasons stated below, the Motion is DENIED.[2]

## II. BACKGROUND

### A. The First Amended Complaint

In their First Amended Complaint ("FAC"), Plaintiffs allege that they are "consumers, natural persons allegedly obligated to pay any debt, residing in Vacaville, Solano County, California 95125." FAC, ¶ 3. They allege that Nationstar is "a foreign corporation engaged in the

---

[1] Although Plaintiffs also named Aztec Foreclosure Corporation as a defendant, that defendant has been dismissed from the action with prejudice pursuant to the stipulation of the parties. *See* Docket No. 26.
[2] The parties have consented to the jurisdiction of the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(c).

business of collecting debt in this state" and that its corporate office is in Lewisville, Texas. *Id.*, ¶ 4. According to Plaintiffs, Nationstar "regularly attempts to collect consumer debts alleged to be due to another" and "is a 'debt collector' as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the [RFDCPA], Cal. Civ. Code § 1788.2." *Id.*, ¶ 5.

Plaintiffs allege that in 2006, they "incurred a financial obligation in the form of a mortgage/note (hereinafter "the loan"), bearing No.: 0599286945, executed by Plaintiffs Hanneke & Gary Lohse." *Id.*, ¶ 7. They allege on information and belief that the loan was presented to Homecomings Financial Network, Inc. *Id.* According to Plaintiffs, the loan "was primarily for personal, family or household purposes and is therefore a 'debt' as that term is defined by 15 U.S.C. §1692a(5) and §1788.2(f)." *Id.*

Plaintiffs allege that they received a letter, dated March 16, 2012, from Aurora Loan Services, LLC advising them that the loan was in default. *Id.*, ¶ 8. They allege that "the loan was being serviced by Aurora Loan Services, LLC at all relevant times prior to July of 2012, and the loan has been in 'default' status, from at least March 16, 2012, possibly earlier, to the date" on which the FAC was filed. *Id.*, ¶ 9.

In July of 2012, Plaintiffs received two letters from Nationstar that were dated July 15, 2012. *Id.*, ¶¶ 2,3 & Exs. A, B. The first letter advised Plaintiffs that the servicing of their "mortgage loan, that is, the right to collect payments from [them], [was] being reassigned, sold or transferred from AURORA LOAN SERVICES LLC to Nationstar Mortgage LLC." *Id.*, ¶ 10 & Ex. A ("Transfer Letter"). The second letter "welcome[ed]" Plaintiffs to Nationstar Mortgage and stated that Nationstar "looked forward to servicing [Plaintiffs'] loan on behalf of Deutsche Bank." *Id.*, ¶ 11 & Ex. B ("Welcome Letter"). The footer of this letter stated as follows: "<u>Nationstar is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.</u>"

On August 16, 2013, Plaintiffs' attorney sent a letter to Nationstar on Plaintiffs' behalf notifying Nationstar that Plaintiffs disputed the validity of the debt serviced by Nationstar. *Id.*, ¶ 12 & Ex. C. The letter stated that there was "a current lawsuit regarding this debt pending before The United States Court, Eastern District of California case number 2:12-cv-00223-KJM-EFB,

which states the basis for the Lohse's dispute." *Id.*, Ex. C.

Plaintiffs allege that on October 30, 2013, they obtained their credit report and that "Nationstar failed to accurately mark Plaintiffs['] credit report by reporting the Plaintiffs had disputed the debt." *Id.*, ¶ 13.

According to Plaintiffs, Nationstar "sent Plaintiffs['] account to Defendant Aztec for collection on the loan" and Aztec, in turn, sent a letter dated January 9, 2014 to Plaintiffs advising them that it had been "retained to foreclose on Plaintiffs." *Id.*, ¶ 15.

Plaintiffs allege that their attorney, Law Offices of Michael Lupolover, P.C., sent Nationstar a letter in October 2013 stating that he was representing Plaintiffs in connection with their claims against Nationstar based on alleged unlawful collection practices. *Id.*, ¶ 16 & Ex. D. As Plaintiffs were represented by counsel, they allege, Aztec "should have never contacted Plaintiff directly" and in doing so, it violated the RFDCPA and the FDCPA. *Id.*, ¶ 16.

Plaintiffs assert two claims in the FAC. First, Plaintiffs allege that "Defendant violated the FDCPA" and list the following provisions that were allegedly violated: i) 15 U.S.C. §1692c(a)(2); ii) 15 U.S.C. §1692e(2)(A); iii) 15 U.S.C. §1692e(8); iv) 15 U.S.C. §1692e(10); and v) 15 U.S.C. §1692f. Plaintiffs do not differentiate between the two defendants named in the FAC, Nationstar and Aztec Foreclosure Corporation; nor do they identify specific facts in support of the alleged violations. Second, Plaintiffs allege that "Defendant" violated the following provisions of the RFDCPA: i) Cal. Civ. Code § 1788.13(f);  ii)  Cal. Civ. Code § 1788.17; and iii) Cal. Civ. Code § 1788.20(b). Again, Plaintiffs do not differentiate between the two named defendants and do not identify the specific facts that allegedly support these violations.

In their Prayer for Relief, Plaintiffs seek statutory and actual damages as well as attorneys' fees and costs of litigation.

**B.     The Motion**

In the Motion, Nationstar argues that Plaintiffs' claims under the RFDCPA and FDCPA fail to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for three reasons. First, it asserts that Plaintiffs' claims fail because the RFDCPA and FDCPA do not apply to property-secured loans. Motion at 3-4. According to Nationstar, the loan that is the subject of

3

Plaintiffs' claims is a residential mortgage loan and as such, is not "debt" under the RFDCPA. *Id.* (citing *Morgera v. Countrywide Home Loans, Inc.*, 2010 WL 160348, at *3 (E.D. Cal. Jan. 11, 2010); *Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191, 1197 (E.D. Cal. Dec. 3, 2009)). Nationstar further asserts that Plaintiffs' claims amount to a challenge to foreclosure proceedings, which are not considered "debt collection" under either the RFDCPA or the FDCPA. *Id.* at 4 (citing *Masson v. Selene Fin. LP*, 2013 WL 271256 (N.D. Cal. 2013); *Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906, at *6 (S.D. Cal. 2008); *Putkkuri v. ReconTrust Co.*, 2009 WL 32567, at *2 (S.D. Cal. 2009); *Izenberg v. ETS Servs., LLC*, 589 F.Supp. 2d 1193, 1199 (C.D. Cal. 2008); *San Diego Home Solutions, Inc. v. ReconTrust Co.*, 2008 WL 5209972, at *1 (S.D. Cal. 2008); *Gamboa v. Trustee Corps*, 2009 WL 656285, at *4 (N.D. Cal. 2009)).

Second, Nationstar argues that even if the FDCPA applied, Plaintiffs' claim under the FDCPA fails because they have not alleged facts to show: 1) that Nationstar violated 15 U.S.C. § 1692c(a)(2) by communicating directly with Plaintiffs when it knew that they were represented by counsel; 2) that Nationstar attempted to collect a debt using any "unfair or unconscionable means" in violation of 15 U.S.C. § 1692f; or 3) that Nationstar violated 15 U.S.C. § 1692e(2)(a) and/or e(10) by making false representations as to the character, amount or legal status of a debt. Motion at 4-5.

With respect to the first theory, Nationstar points out that Plaintiffs have not alleged that it communicated with them directly and indeed, the two letters from Nationstar that are attached to the FAC as exhibits list the address of Plaintiffs' counsel. Motion at 5 (citing FAC, Exs. A & B). Nationstar also asserts that "to the extent this purported violation is directed to Aztec, Plaintiffs' claim still fails because Plaintiffs' do not allege that they ever informed Aztec of their representation." *Id.* at 5 n. 2.[3]

Nationstar argues that the second theory fails because Plaintiffs have not alleged that it used any "unfair or unconscionable means" to collect any debt. *Id.* at 5.

---

[3] At oral argument, Plaintiffs stipulated that the alleged violation of § 1692c(a)(2) was asserted against Aztec only and is no longer an issue in the case due to the dismissal of Aztec with prejudice.

4

As to the claim that Nationstar misrepresented the legal status of the debt by failing to report that Plaintiffs' debt was disputed, Nationstar asserts that this claim fails because at the time Plaintiffs obtained their credit report (which did not reflect that the debt was disputed), the alleged dispute had already been resolved. *Id*. at 5. In particular, the dispute allegedly related to the claims asserted in the Eastern District of California ("the Eastern District Case"), but Plaintiffs had voluntarily dismissed those claims with prejudice on March 21, 2013, six months before Plaintiffs obtained their credit report. *Id*.; *see also* Request for Judicial Notice in Support of Motion to Dismiss First Amended Complaint ("RJN"), Exs. B & C. Thus, Nationstar asserts, at the time Plaintiffs obtained their credit report, it accurately reflected that the debt was no longer in dispute. Motion at 5.

Third, Nationstar argues that Plaintiffs have not pled any viable RFDCPA claim even if the loan constitutes debt and Nationstar engaged in debt collection. *Id*. at 5-6. With respect to the alleged violation of Cal. Civ. Code § 1788.13(f), which prohibits "[t]he false representation that information concerning a debtor's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency," Plaintiffs have not alleged "any such scenario" according to Nationstar. *Id*. at 6. To the extent the claim may be based on a misrepresentation to the credit reporting agencies as to the legal status of the debt, Nationstar asserts, the claim fails for the same reasons discussed above with reference to the FDCPA claim. According to Nationstar, Plaintiffs have also failed to state a claim based on violation Cal. Civ. Code § 1788.17, which prohibits violation of certain provisions of the FDCPA, because Plaintiffs have not plead any viable claim under the FDCPA. Finally, Nationstar argues that Plaintiffs have not stated a claim based on Cal. Civ. Code § 1788.20(b) because that section prohibits the submission of false or inaccurate information "[i]n connection with any request or application for consumer credit." *Id*. In other words, Nationstar asserts, the provision is aimed at borrowers, not lenders. *Id*.

Finally, Nationstar argues that if any of Plaintiffs' claims survive its challenge under Rule 12(b)(6), the Court should order that Plaintiffs provide a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure to identify the specific facts and theories upon which their

claims are based. *Id*. at 6-7.

### C. Opposition[4]

In their Opposition brief, Plaintiffs argue that under Rule 12(b)(6) their claims survive Nationstar's challenge unless "no possible construction of the alleged facts will entitle [them] to relief." Opposition at 3 (citing *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)). Thus, they contend, they are not required to "outline exactly how Nationstar has violated the FDCPA and the RFDCPA." *Id*. Further, they assert, the Court should hold Plaintiffs to a less stringent standard in evaluating the FAC "in light of [their] pro se status." *Id*. at 10.

Plaintiffs reject Nationstar's assertion that their FDCPA claim fails because the debt at issue is a property-secured loan, relying on *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012). *Id*. at 6-7. Plaintiffs point out that in *Reese*, the Eleventh Circuit concluded that a defendant that had sent dunning letters to homeowners who were default on their mortgage was a "debt collector" within the meaning of the FDCPA, notwithstanding the fact that the debt was secured. *Id*. at 7. Plaintiffs further contend that their allegations are sufficient to show that the loan at issue in this case is "debt" for the purposes of both the FDCPA and the RFDCPA, notwithstanding the fact that the debt is secured. *Id*. at 7-8 (citing Cal. Civ. Code § 1788.2(4) (defining "consumer debt" as "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction")).

Plaintiffs also argue that they have sufficiently pled violations of both the FDCPA and the RFDCPA. *Id*. at 8-9 (citing *Baker v. Citibank (South Dakota) N.A.*, 13 F. Supp. 2d 1037 (S.D. Cal. 1998)). According to Plaintiffs, *Baker* supports the conclusion that it is sufficient at the pleading stage to identify the specific section of the RFDCPA and FDCPA that has been violated

---

[4] Plaintiffs were represented by counsel when they filed their first amended complaint, and the FAC was drafted by an attorney. Plaintiffs' counsel subsequently sought leave to withdraw, which the Court granted on June 23, 2014. A notice of substitution of counsel was filed on August 6, 2014, after Plaintiffs had filed their response to the instant motion but before the August 25, 2014 deadline for filing their response had passed. Hanneke Lohse drafted Plaintiffs' Opposition brief. Although the deadline for responding to the Motion was almost three weeks after Plaintiffs retained their current counsel, counsel did not file any additional responsive pleading. Plaintiffs' counsel appeared on behalf of Plaintiffs at the motion hearing, however, and at that time had an opportunity to address the issues raised by Nationstar in the Motion.

to state a claim under these statutes.

### D. Plaintiffs "Request for Judicial Notice to Strike Motion to Dismiss First Amended Complaint"

On June 17, 2014, one week after Nationstar filed its Motion and prior to filing their Opposition brief, Plaintiffs filed a document entitled "Request for Judicial Notice to Strike Motion to Dismiss First Amended Complaint." This document appears to be a response to the Request for Judicial Notice. Hereinafter, the Court refers to this document as "Response to RJN." In it, Plaintiffs stipulate that the Deed of Trust on the loan was recorded on February 14, 2006 in the Official Records of the County of Solano, Document No. 200600019225. Response to RJN at 2. Plaintiffs also provide information about the Eastern District Case, describing it as a "Mass Joinder Suit" brought by Kristin L. Crone." *Id*. According to Plaintiffs, the action did not include any claims under the FDCPA or the RFDCPA and the defendant was Aurora Bank, FSB. *Id*. at 3. Plaintiffs state that they received an email from Ms. Crone on January 29, 2013 informing them the UFAN Legal Group, P.C. (apparently her employer) was filing for Chapter 11 bankruptcy and that they presumed the bankruptcy "halted the legal procedure." *Id*. They further state that Ms. Crone did not represent them after January 29, 2013 and that the dismissal filed on their behalf in the Eastern District Case, on March 20, 2013, was unauthorized. *Id*.

### E. Reply

In its Reply brief, Nationstar reiterates its argument that Plaintiffs have not alleged any actionable conduct that violated either the RFDCPA or the FDCPA. Reply at 1-2. Nationstar also rejects Plaintiffs' assertion that they are not required to identify the specific conduct that allegedly violated the RFDCPA and the FDCPA. *Id*. at 2-4. Rather, Nationstar asserts, Plaintiffs must allege facts showing that it has engaged in a prohibited act or failed to perform a requirement under the FDCPA. *Id*. at 3 (citing *Pratap v. Wells Fargo Bank, N.A.*, 2014 WL 3884413 (N.D. Cal. Aug. 7, 2014)). Further, Nationstar argues, Plaintiffs' reliance on *Baker v. Citibank (South Dakota), N.A.* is misplaced because in that case, the plaintiff alleged "two different false representations and an improper attempt to collect a debt (harassing telephone calls) by the defendant." *Id*. Thus, *Baker* does not stand for the proposition that claims under the RFDCPA

7

and the FDCPA may be plead in a conclusory fashion, Nationstar asserts. Finally, Nationstar rejects Plaintiffs' assertion, based on *Reese*, that attempts to collect on a property-secured loan constitute "debt collection" under the FDCPA and the RFDCPA. *Id*. at 4. Nationstar notes that *Reese* is not binding on this Court because it was decided by the Eleventh Circuit. *Id*. Nationstar also asserts that *Reese* was "found unpersuasive" by Judge James, of this Court, in *Pratap v. Wells Fargo Bank, N.A.* *Id.*

### III. ANALYSIS

#### A. Legal Standard

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star. Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). In ruling on a motion to dismiss under Rule 12(b)(6), the Court takes "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990).

Prior to the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), a motion to dismiss under Rule 12(b)(6) could only be granted if the plaintiff could prove "no set of facts . . . which would entitle him to relief." *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In *Twombly*, however, the Supreme Court held that in order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." 450 U.S. at 547; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")). "In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir.

8

1 2007).⁵

### B. Judicial Notice

Nationstar has requested that the Court take judicial notice of the following documents pursuant to Rule 201 of the Federal Rules of Evidence: 1) a Deed of Trust that was recorded on February 14, 2006 in the Official Records of the County of Solano, Document No. 200600019225 ("the DOT"); 2) the docket sheet for the Eastern District Case; and 3) Notice of Voluntary Dismissal with Prejudice by Gary and Hanneke Lohse in the Eastern District Case. In their Response to RJN, Plaintiffs do not challenge the authenticity of these documents, even though they disagree with Nationstar as to the legal significance of the dismissal that was filed on their behalf in the Eastern District case. The request is GRANTED.

The standard for judicial notice is set forth in Rule 201 of the Federal Rules of Evidence, which allows a court to take judicial notice of an adjudicative fact not subject to "reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court" or it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Judicial notice of the existence and content of the DOT, and of the docket sheet and Notice of Voluntary Dismissal in the Eastern District Case, is proper under Federal Rule of Evidence 201(b) because the authenticity of these documents is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See Zapata v. Wells Fargo Bank, N.A.*, 2013 WL 6491377, at *5 (N.D. Cal. Dec. 10, 2013) (citing *Castillo v. Wachovia Mortg.*, 2012 WL 1213296, at *1 n.2 (N.D. Cal. Apr. 11, 2012) (finding that "deed of trust, note, notice of default, substitution of trustee, and trustee's deed upon sale, as well as official government documentation of Defendant's corporate status and name changes" were judicially noticeable documents under Rule 201); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (quoting

---

⁵ Plaintiffs contend the Court should construe the allegations in the FAC liberally in light of their purported pro se status. Allegations of a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That looser standard does not apply here, however, because Plaintiffs' FAC was drafted by an attorney and Plaintiffs are currently represented by counsel. Furthermore, Plaintiffs' current counsel had an opportunity to respond to the Motion at the hearing.

*St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("we 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'")). The Court takes judicial notice only of the contents and existence of the documents, not facts contained in them or the legal implications that may (or may not) flow from them.

### C. The FDCPA Claim

To state a claim under the FDCPA, a plaintiff must allege facts supporting a reasonable inference that: "1) Defendant was collecting" debt" as a "debt collector" and 2) it engaged in practices that are prohibited under the FDCPA. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010).

The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). The term "debt collector" is defined, in relevant part, as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6). However, certain types of persons or organizations are excluded from the definition, including: 1) "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor," 15 U.S.C. § 1692a(6)(A); and 2) "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F).

The FDCPA prohibits various types of debt collection practices. First, the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Conduct that constitutes a violation of this provision includes "[t]he false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Section 1692e(8) prohibits debt collectors from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Second, the FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Finally, the FDCPA establishes guidelines for communications between debt collectors and consumers, including limitations on direct communications with consumers who are represented by counsel.[6] 15 U.S.C. § 1692c. In particular, a debt collector may not, without a consumer's consent or express permission of a court of competent jurisdiction, communicate with a consumer about the collection of a debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily as certain, such attorney's name and address . . . ." 15 U.S.C. § 1692c(a)(2).

**1. Whether Plaintiffs Have Alleged Facts Showing that Nationstar was a "Debt Collector" Engaged in Collecting "Debt" Under the FDCPA**

Although the Ninth Circuit has not addressed the issue, the majority of courts in this District and in the Ninth Circuit have concluded that nonjudicial foreclosure proceedings are not "debt collection" under the FDCPA. *See Natividad v. Wells Fargo Bank, N.A.*, 2013 WL 2299601, at *6 (N.D. Cal. May 24, 2013) (collecting cases). Many courts that have reached this conclusion have cited *Hulse v. Ocwen Fed. Bank, FSB*, in which the court concluded that a lender

---

[6] The FDCPA also prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Plaintiffs have not alleged that this provision was violated, however.

11

was not engaged in debt collection when it initiated nonjudicial foreclosure proceedings. 195 F. Supp. 2d 1188, 1203-1204 (D. Or. 2002). The court looked to the definitions of "debt collector" in § 1692a(6) and of "debt" in 15 U.S.C. § 1692a(5), pointing out that the definition of "debt" focuses on the "obligation of a consumer to pay money," and distinguishing "debt collection" from foreclosure:

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.

*Id*. at 1204.

In *Natividad*, Judge Corley reached a similar conclusion, finding that "statutorily mandated communications required for foreclosure" do not constitute "debt collection" under the FDCPA. 2013 WL 2299601, at *8. In reaching this conclusion, she relied on the definition of "debt collector" in 15 U.S.C. § 1692a(6) – and in particular, the third sentence of that section, reasoning as follows:

> The third sentence of the section 1692a(6) definition of debt collector states: "For the purpose of section 1692f(6) of this title, such term [debt collector] also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." Section 1692f(6) prohibits "debt collectors" from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if – (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." 15 U.S.C. § 1692f(6). Thus, a person regularly or principally engaged in the enforcement of secured interests is not a "debt collector" under the Act. To hold otherwise would render the third sentence of section 1692a(6) meaningless: there is no need to "also" include a person principally engaged in the enforcement of secured interests as a "debt collector" for the purpose of section 1692f(6) of the Act if the enforcement of secured interests qualifies as debt collection.

*Id*. at *6 (citing *Gray v. Four Oak Court Ass'n, Inc.*, 580 F.Supp.2d 883, 888 (D.Minn.2008); *Armacost v. HSBC Bank USA*, 2011 WL 825151, at *5 (D. Idaho Feb.9, 2011) (*Jara v. Aurora Loan Servs*., LLC, 2011 WL 6217308, at *5 (N.D.Cal. Dec.14, 2011)). However, Judge Corley rejected the defendant's assertion in *Natividad* that "*any* action related to a nonjudicial foreclosure

12

cannot be considered debt collection." *Id*. at *8 (emphasis in original).  Rather, she found that "persons who regularly or principally engage in communications with debtors concerning their default that go beyond the statutorily mandated communications required for foreclosure may be considered debt collectors." *Id*. (citing, *inter alia*, *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1217 (11th Cir. 2012)).

The undersigned adopted the reasoning and holding of *Natividad* in *Reyes-Aguilar v. Bank of America*, 2014 WL 2153792, *14 (N.D. Cal. March 20, 2014) ("The Court adopts Judge Corley's holding that 'legally-mandated actions required for mortgage foreclosures are not necessarily debt collection,' and that a plaintiff alleging a proper FDCPA claim must allege that the defendant 'engaged in an[ ] action beyond statutorily mandated actions for non-judicial foreclosure'") (citing *Natividad*, 2013 WL 2299601, at *9).[7]  Applying the standard set forth in *Natividad*, the Court concludes that Nationstar has not established, as a matter of law, that it is not a "debt collector" under the facts alleged in the FAC.  As confirmed by Plaintiffs at the hearing, Plaintiffs' FDCPA claim against Nationstar is based on Nationstar's failure to report to credit reporting agencies that Plaintiffs' debt was disputed after receiving what Plaintiffs describe as a "validation of debt" letter.[8]  This theory does not involve any statutorily mandated communication for non-judicial foreclosure and there is no apparent connection between Nationstar's communications with credit reporting agencies and the nonjudicial foreclosure process.  Indeed,

---

[7] Mortgage lenders and loan servicers also may be expressly excluded from the definition of "debt collectors" under 15 U.S.C. § 1692a(6)(A) (excluding creditors from the definition of "debt collectors") or 15 U.S.C. § 1692a(6)(F) (excluding loan servicers from the definition of "debt collector" when the loan was assigned to them *before* it was in default).  Thus, in *Natividad*, the court first addressed whether the defendants' activities were "immune from the FDCPA" based on these exclusions.  2013 WL, at *4.  The court found that defendant Wells Fargo was excluded from the application of the FDCPA until it assigned its interest in the loan in that case to another entity because up until that point it was the creditor.  *Id*.  To the extent that Wells Fargo and another defendant were only loan servicers after that point, the exclusion for creditors did not apply.  *Id*.  Further, the exclusion for loan servicers who acquire a loan before it is default did not apply because the loan was already in default at the time it was assigned to them.  Here, Nationstar does not contend that either exclusion applies.

[8] At oral argument, Plaintiffs' counsel stipulated that this is the *sole* claim being asserted against Nationstar.  With this limitation, the Court concludes that Plaintiffs' complaint gives Nationstar adequate notice of the nature of the claims being asserted against it.  Accordingly, the Court DENIES Nationstar's request for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure.

13

according to the allegations in the complaint, *another* defendant, Aztec Foreclosure Corporation, was retained to foreclose on Plaintiffs in January 2014, several months *after* Plaintiffs allegedly obtained the credit report that failed to reflect that the debt was disputed. FAC ¶ 15. Therefore, the Court rejects Nationstar's argument that Plaintiffs' FDCPA claim against it should be dismissed on the basis that Nationstar is not a "debt collector."

### 2. Whether Plaintiffs Have Alleged a Violation of the FDCPA Sufficient to State a Claim

The Court also rejects Nationstar's assertion that Plaintiffs have failed to allege a violation of the FDCPA. Plaintiffs allege that they obtained a copy of their credit report on October 30, 2013 and that "Nationstar failed to accurately mark Plaintiff's credit report by reporting the Plaintiffs' had disputed the debt." Plaintiffs also allege that they informed Nationstar in 2012 that the debt was disputed and attached to the Complaint a copy of their August 16, 2012 letter to Nationstar. Plaintiffs' allegations are sufficient to state a claim for violation of 15 U.S.C. § 1692e(8), which expressly provides that a debt collectors may not "communicate to any person credit information which is known or which should be known to be false, *including the failure to communicate that a disputed debt is disputed*." *See Nelson v. Equifax Information Services, LLC*, 522 F. Supp. 2d 1222, 1233 (C.D. Cal., 2007) (holding that plaintiff stated a claim under Rule 12(b)(6) for violation of § 1692e(8) based on allegation that creditor reported debt to credit reporting agency without notifying it that debt was disputed, even though borrower had notified creditor, in writing, that debt was disputed).

The Court rejects Nationstar's assertion that the claim fails, as a matter of law, because at the time Plaintiffs obtained their credit report their claims in the Eastern District Case had already been dismissed with prejudice and therefore, the debt was no longer disputed. The Court agrees with Nationstar that dismissal of Plaintiffs' claims with prejudice in the Eastern District Case effectively terminated the dispute referenced in the August 16, 2012 letter and therefore, that as of October 2013, the credit report (which did not reflect that the debt was disputed) was accurate as to the legal status of the debt. Nonetheless, the fact that the credit report was accurate at the time Plaintiffs obtained a copy, in October 2013, is not necessarily inconsistent with the claim that

Defendant reported false information to a credit reporting agency by reporting Plaintiffs' debt without also indicating that it was disputed. In particular, at least one plausible inference from Plaintiffs' allegations is that Nationstar reported the debt *while it was disputed* without informing the credit reporting agency that it was disputed. The question of whether this is what actually happened requires development of the facts and is more appropriately addressed at the summary judgment stage of the case.[9]

### D. The RFDCPA Claim

The RFDCPA was enacted to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." Cal. Civ. Code § 1788.1. The RFDCPA incorporates provisions of the FDCPA, providing that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j." Cal. Civ. Code § 1788.17. In addition, it sets forth its own standards governing debt-collection practices, including the standards in Cal. Civ. Code § 1788.13(f) and Cal. Civ. Code § 1788.20(b), invoked by Plaintiffs in their FAC. Cal. Civ. Code § 1788.13(f) prohibits debt collectors from attempting to collect a consumer debt through "[t]he false representation that information concerning a debtor's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency." Cal. Civ. Code § 1788.20(b) provides that "[i]n connection with any request or application for consumer credit, no person shall . . . [k]nowingly submit false or inaccurate information or willfully conceal adverse information bearing upon such person's credit worthiness, credit standing, or credit capacity."

Under the RFDCPA, a "debt collector" is defined as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c). "Debt" is defined as "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Cal. Civ. Code § 1788.2(d).

---

[9] The Court does not address the question of whether the dismissal of Plaintiffs' claims in the Eastern District Case will have any impact on their ability to establish actual damages under the FDCPA.

15

### 1. Whether Plaintiffs Have Alleged Facts Showing that Nationstar was a "Debt Collector" Engaged in Collecting "Debt" Under the RFDCPA

Numerous courts have found that, under the RFDCPA, like the FDCPA, the mere allegation that a defendant foreclosed on a deed of trust is not sufficient to state a claim. *See Reyes v. Wells Fargo Bank, N.A.*, 2011 WL 30759, at *19 (N.D.Cal. Jan. 3, 2011) (collecting cases and agreeing with courts that have found that foreclosure on a deed of trust is not sufficient to state a claim under the RFDCPA). Where the claim arises out of debt collection activities beyond the scope of the ordinary foreclosure process, however, a remedy may be available under the FDCPA. *Id.* (finding that allegedly deceptive statements in an offer letter related to a forbearance agreement were sufficient to state a claim under the FDCPA).

For the reasons stated above, the Court finds no allegations in the FAC that establish that Plaintiffs' RFDCPA claim is based on communications that are required as part of the foreclosure process. Therefore, the Court rejects Nationstar's argument that the RFDCPA claim should be dismissed because it is not a debt collector.

### 2. Whether Plaintiffs Have Alleged a Violation of the RFDCPA Sufficient to State a Claim

As discussed above, Plaintiffs have alleged facts sufficient to state a claim for violation of 15 U.S.C. § 1692e(8). Because the RFDCPA incorporates this provision, *see* Cal. Civ. Code § 1788.17, Plaintiffs' allegations are sufficient to state a claim under the RFDCPA. Therefore, the Court rejects Nationstar's assertion that Plaintiffs' RFDCPA claim should be dismissed for failure to state a claim because no violation was alleged.

### IV. CONCLUSION

For the reasons stated above, the Motion is DENIED.

**IT IS SO ORDERED.**

Dated: October 20, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge